# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY CURTIS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, a Municipal Corporation; and JOSEPH SCOTONI, star no. 7619, Individually and as an Employee of the CITY OF CHICAGO,<br><br>Defendants. | Case No. 1:21-cv-03121<br><br>**Attorney Affidavit Attached**<br><br>**Plaintiff demands trial by Jury** |

## COMPLAINT AT LAW

Now comes the plaintiff, LARRY CURTIS, by and through his attorneys, WISE MORRISSEY, and complaining of defendants, CITY OF CHICAGO, a Municipal Corporation (hereinafter "'CITY"); and JOSEPH SCOTONI, star no. 7619, Individually and as an Employee of the CITY OF CHICAGO (hereinafter "OFFICER SCOTONI"), and each of them and in the alternative, states for his Complaint the following:

### INTRODUCTION

1. This case arises out of the injuries sustained by plaintiff, LARRY CURTIS at the hands of CITY Police OFFICER SCOTONI on July 19, 2020.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. Supplemental jurisdiction over plaintiffs state law claims is pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Northern District of Illinois in that the events and conduct complained of herein all occurred in the Northern District of Illinois.

## PARTIES

4. Plaintiff, LARRY CURTIS, is an African-American male and at the time of the incident resided in an apartment building located at 1607 E. 50th Place, Chicago, Illinois 60615.

5. CITY OF CHICAGO is a municipal corporation organized under the laws of the state of Illinois.

6. At all times relevant herein, CITY, a municipal corporation, maintained, as a division of said Municipal Corporation, a police department, commonly referred to as the Chicago Police Department.

7. On July 19, 2020, defendant, OFFICER SCOTONI, who while acting within the scope of his employment with the defendant, CITY, as a sworn police officer, was performing his duties in the area of 1607 E. 50th Place, #10E, Chicago, Illinois 60615.

8. At all times relevant herein, defendant, OFFICER SCOTONI, is sued in his individual and official capacity.

9. In doing the acts alleged herein, defendant, OFFICER SCOTONI, acted under color of authority and under color of law.

## FACTUAL ALLEGATIONS

10. On July 19, 2020, at approximately 3:30 p.m., an unknown female resident of the apartment building located at 1607 E. 50th Place, Chicago, Illinois 60615, knocked on plaintiff, LARRY CURTIS', apartment door.

11. At that time, the unknown female resident had a verbal exchange with another unknown female that was located in plaintiff, LARRY CURTIS' apartment.

12. At approximately 3:30 p.m., the unknown female returned to her apartment located on the same floor and called the Chicago Police Department.

13. At approximately 3:50 p.m., defendant, OFFICER SCOTONI and his partner Chicago Police Department Officer Craig Fagan star no. 4971 ("Officer Fagan"), responded to the apartment building located at 1607 E. 50th Place, Chicago, Illinois 60615.

14. At that time and according to defendant, OFFICER SCOTONI'S body camera video, the unknown female told defendant that she was "fine" and that the second female had "got in her personal space." Importantly, the unknown female stated that plaintiff, LARRY CURTIS, was her "friend" and did nothing wrong.

15. At that time, the unknown female confirmed to defendant, OFFICER SCOTONI, and his partner that she was not seeking to press criminal charges against the unknown woman or plaintiff, LARRY CURTIS.

16. At that time, the unknown female also informed defendant, OFFICER SCOTONI, and his partner that she was unaware if the second unknown female was in plaintiff, LARRY CURTIS', apartment or even in the building.

17. Defendant, OFFICER SCOTONI, and his partner Officer Fagan proceeded to plaintiff, LARRY CURTIS', apartment and knocked on his door. At that time, defendant, OFFICER SCOTONI, had no articulable suspicion to believe that plaintiff, LARRY CURTIS, had committed or participated in a crime. At that time, defendant, OFFICER SCOTONI, had no articulable suspicion to believe that the second unknown female was in plaintiff's apartment.

18. Plaintiff, LARRY CURTIS, opened the heavy metal door approximately half-way and informed the defendant, OFFICER SCOTONI, that the unknown woman was not in the apartment.

3

19. Plaintiff, LARRY CURTIS then informed the defendant, OFFICER SCOTONI, that he "was about to close his door and I want you all to have a good day".

20. Defendant, OFFICER SCOTONI, could clearly see that plaintiff, LARRY CURTIS', right hand was holding the outside handle of his door. Defendant, OFFICER SCONTONI, could also clearly see that plaintiff, LARRY CURTIS', right hand was in between the heavy metal door and the metal doorframe.

21. Plaintiff, LARRY CURTIS, then repeatedly, calmly and politely informed defendant, OFFICER SCOTONI, that he was going to close his door. At that time, defendant, OFFICER SCOTONI, had no articulable suspicion to believe that plaintiff, LARRY CURTIS, had committed or participated in a crime. As a result, plaintiff, LARRY CURTIS, was legally within his rights to terminate the conversation and close his apartment door.

22. In response, defendant, OFFICER SCOTONI, became enraged and began shouting at plaintiff "OK, close the door" several times. Plaintiff, LARRY CURTIS, appeared shocked at defendant, OFFICER SCOTONI'S, unprovoked anger and did not verbally respond but continued to hold the door approximately half-way open.

23. Defendant, OFFICER SCOTONI, continued to be enraged when he forcefully grabbed the handle of the door before violently pulling the heavy metal door shut. Defendant, OFFICER SCOTONI, intentionally and violently closed the door when he knew plaintiff, LARRY CURTIS', right hand and/or right finger was in between the door handle and door frame.

24. When defendant, OFFICER SCOTONI, forcibly and violently closed the heavy metal door the plaintiff's right index finger was amputated.

25. Plaintiff, LARRY CURTIS, responded in shock by screaming "Oh my God, do you see what you just did", before holding up his amputated right index finger. Shortly thereafter,

4

plaintiff, LARRY CURTIS, became disoriented and confused before he suddenly lost consciousness from his injuries.

### COUNT I- 42 U.S.C § 1983- Fourteenth Amendments of the United States Constitution - Excessive Force

1-25. Plaintiff, LARRY CURTIS re-alleges and incorporates the Paragraphs 1-25, as paragraph 1-25 of Count I.

26. On July 19, 2020, at approximately 4:00 p.m., defendant, OFFICER SCOTONI, acting under color of law, did then and there forcibly restrain LARRY CURTIS without reasonable cause, authority, provocation or permission.

27. At the aforementioned time and place, defendant, OFFICER SCOTONI, used greater force than was reasonably necessary when he violently slammed the heavy metal door and amputated plaintiff, LARRY CURTIS', right index finger.

28. At the aforementioned time and place, defendant, OFFICER SCOTONI, exhibited a wanton, willful and deliberate indifference to plaintiff, LARRY CURTIS', federally secured rights under the Fourteenth Amendment of the United States Constitution.

29. As a direct and proximate result of the aforementioned events, LARRY CURTIS sustained serious and permanent injuries of a personal and pecuniary nature in violation of his federally secured rights under the Fourteenth Amendment of the United States Constitution.

WHEREFORE, plaintiff LARRY CURTIS, prays for judgment against defendant CITY OF CHICAGO, a Municipal Corporation; and JOSEPH SCOTONI, star no. 7619, Individually and as an Employee of the CITY OF CHICAGO, in an amount in excess of the jurisdictional limit of this Court.

## COUNT II - 42 U.S.C § 1983- Fourth Amendment of the United States Constitution – Unreasonable Seizure Terry Stop

1-25. Plaintiff, LARRY CURTIS re-alleges and incorporates the Paragraphs 1-25, as paragraph 1-25 of Count II.

26. Defendant, OFFICER SCOTONI, seized plaintiff, LARRY CURTIS', with a show of force that plaintiff obeyed. Based on defendant, OFFICER SCONTONI's, show of authority through his verbal commands, plaintiff, LARRY CURTIS, reasonably believed that he was not free to end the encounter.

27. Defendant, OFFICER SCOTONI, did not have reasonable suspicion that plaintiff, LARRY CURTIS, had committed, was committing or was about to commit a crime.

28. Defendant, OFFICER SCOTONI, seized plaintiff, LARRY CURTIS, when he violently and deliberately closed the heavy metal door on plaintiff's hand resulting in the amputation of his right index finger.

29. Defendant, OFFICER SCOTONI'S seizure of plaintiff, LARRY CURTIS, was unreasonable when plaintiff posed no threat, had committed no crime and the defendant, OFFICER SCOTONI, had no articulable suspicion that the second unknown female was in the apartment.

30. As a direct and proximate result of the aforementioned events, LARRY CURTIS sustained serious and permanent injuries of a personal and pecuniary nature in violation of his federally secured rights under the Fourth Amendment of the United States Constitution.

WHEREFORE, plaintiff LARRY CURTIS, prays for judgment against defendant CITY OF CHICAGO, a Municipal Corporation; and JOSEPH SCOTONI, star no. 7619, Individually and as an Employee of the CITY OF CHICAGO, in an amount in excess of the jurisdictional limit

of this Court.

### **COUNT III – Wilful and Wanton Battery**

1-25. Plaintiff, LARRY CURTIS, re-alleges and incorporates the Paragraphs 1-25, as paragraph 1-25 of Count III.

26. On July 19, 2020, at approximately 4:00 p.m., defendant, OFFICER SCOTONI, acting under color of law, did violently amputate plaintiff, LARRY CURTIS', finger without reasonable cause, authority, provocation or permission.

27. Defendant, OFFICER SCOTONI'S, violent amputation of plaintiff, LARRY CURTIS, finger constituted an unauthorized touching of plaintiff.

28. Plaintiff, LARRY CURTIS, at no time consented to being touched in the manner described above.

29. Plaintiff, LARRY CURTIS, was at no time considered an "aggressor", at no time presented a danger of harm to the defendant or partner and at no time threatened the defendant or his partner.

30. Defendant, OFFICER SCOTONI, never believed plaintiff, LARRY CURTIS, posed a danger.

31. Defendant, OFFICER SCOTONI's, use of force against plaintiff, LARRY CURTIS, was not necessary to avoid harm and in no way was reasonable under the circumstances.

32. Defendant, OFFICER SCOTONI's, showed an actual or deliberate intention to cause harm or which, if not intentional, showed an utter indifference to or conscious disregard for the safety of plaintiff, LARRY CURTIS, when he violently and deliberately closed the heavy

metal door on plaintiff's hand resulting in the amputation of his right index finger.

33. As a direct and proximate result of the aforementioned events, LARRY CURTIS sustained serious and permanent injuries of a personal and pecuniary nature in violation of his federally secured rights under the Fourth Amendment of the United States Constitution.

WHEREFORE, plaintiff LARRY CURTIS, prays for judgment against defendant CITY OF CHICAGO, a Municipal Corporation; and JOSEPH SCOTONI, star no. 7619, Individually and as an Employee of the CITY OF CHICAGO, in an amount in excess of the jurisdictional limit of this Court.

## COUNT IV – RESPONDEAT SUPERIOR

1-25. LARRY CURTIS re-alleges and incorporates the Paragraphs 1-25, as paragraph 1-25 of Count IV.

26. In committing the acts alleged in the preceding paragraphs, defendant, OFFICER SCOTONI, was an agent of the City of Chicago and was acting at all relevant times within the scope of his employment and under color of law.

WHEREFORE, should the individual defendant be liable on one or more of the state claims set forth above, plaintiff demands that, pursuant to *respondent superior*, defendant City of Chicago be found liable for any compensatory judgment plaintiff obtains against said defendant(s), as well as costs awarded.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

Michael L. Gallagher
WISE MORRISSEY, LLC
ARDC#: 6281432

161 N. Clark Street, Suite 3250
Chicago, IL 60601
(312) 580-2040
mlg@wisemorrissey.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY CURTIS,

           Plaintiff,

vs.

CITY OF CHICAGO, a Municipal Corporation; and
JOSEPH SCOTONI, star no. 7619, Individually and
as an Employee of the CITY OF CHICAGO,

           Defendants.

Case No. 1:21-cv-03121

## AFFIDAVIT

I, Michael L. Gallagher, state under oath:

1. I am an attorney associated with Wise Morrissey, LLC and am responsible for filing of the Complaint at Law in this matter.

2. The total of money damages sought by plaintiff does exceed $75,000.00, exclusive of interest and costs.

_____
Michael L. Gallagher

SUBSCRIBED and SWORN to before me
this 9th day of June, 2021.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Angela M. Suhr
Notary Public, State of Illinois
My Commission Expires 04/11/2022